UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTOINE McSWAIN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 2:17-cv-00157-LJM-MJD ) |
| Sgt. RINEHART, ANDREW COLE, DUSHAN ZATECKY, ROBERT D. BUGHER, | ) ) ) ) ) |
| Defendants. | ) |

**Entry Denying Motion to Amend Complaint, Dismissing Action, and Directing Entry of Final Judgment**

The Court permitted the plaintiff to file an amended complaint in this action on June 12, 2017. The Court screened the plaintiff's amended complaint on that same date, dismissed his claims, and gave him a deadline to show cause why the action should not be dismissed for the reasons explained in that Entry. The plaintiff has responded by way of a motion to amend his complaint. That motion, dkt. [24], is **denied** because the proposed amended complaint would not cure the deficiencies set forth in the Court's screening entry.

As explained in the Court's previous entry, the plaintiff's § 1983 claims must be dismissed:

> There is no constitutional right to avoid false disciplinary charges "because ordinarily, 'even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process.'" *Lagerstrom v. Kingston*, 463 F.3d 621, 624-25 (7th Cir. 2006) (quoting *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999)); *see Henderson v. Lane*, 182 F.3d 922 1999 WL 459196 (7th Cir.

> 1999) (holding that it is not an Eighth Amendment violation to be subject to prison discipline even if "framed"); *Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1984) ("We find that an allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* are provided.").
>
> The plaintiff suggests he might have been denied the protection of *Wolff* because he was denied witnesses during his disciplinary proceeding. Notably, he does not state whether or not good-time credits were lost as a result of the disciplinary proceedings at issue (the disciplinary hearing documents he submitted with his Complaint are not clear on this point). If he did not lose good-time credits, the prison was "free to use any procedures it chooses, or no procedures at all." *Montgomery v. Anderson*, 262 F.3d 641, 644 (7th Cir. 2001). Thus he was afforded due process and even fraudulent charges cannot violate his constitutional rights. *See Lagerstrom*, 463 F.3d at 624-25. If he did lose good-time credits, his allegations reveal that his due process rights were vindicated. Specifically, he raised due process violations in his administrative appeal, and the administrative appeal officer, Mr. Scaife, vacated his disciplinary conviction that he attempts to challenge here. Thus the plaintiff's allegations show that the entirety of the process in place vindicated any due-process violations that existed. Accordingly, regardless of whether good-time credits were lost, the plaintiff's claims must be dismissed.

Dkt. 22 at 3-4.

The plaintiff's only meaningful response to the foregoing analysis is his assertion that he can still bring an action for damages under § 1983 for a Fourteenth Amendment violation because, even though his disciplinary conviction was reversed during administrative review, he was forced to spend thirty-two-and-a-half days in disciplinary segregation until it was reversed. "In *Sandin v. Conner*, 515 U.S. 472 (1995), the Court explained that the Fourteenth Amendment provides to inmates a liberty interest in avoiding transfer to more restrictive prison conditions if those conditions result in an atypical and significant hardship when compared to the ordinary incidents of prison life." *Townsend v. Cooper*, 759 F.3d 678, 685 (7th Cir. 2014) (citations and quotation marks omitted). "In assessing whether disciplinary segregation amounts to a constitutional

violation, this court looks to the combined import of the duration of the segregative confinement *and* the conditions endured." *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) (citation and quotation marks omitted). "Although relatively short terms of segregation rarely give rise to a prisoner's liberty interest, at least in the absence of exceptionally harsh conditions, such an interest may arise from a long term of confinement combined with atypical and significant hardships." *Id.*; *see Kervin v. Barnes*, 787 F.3d 833, 837 (7th Cir. 2015) (noting that a "considerably shorter period of segregation [than six months] may, depending on the conditions of confinement and on any additional punishments, establish a [due process] violation").

Here, the plaintiff alleges that he was in disciplinary segregation for thirty-two-and-a-half days, and does not allege anything regarding the conditions at all, let alone allegations permitting an inference that the conditions were "exceptionally harsh." *Hardaway*, 734 F.3d at 743. This is insufficient to state a violation of the Fourteenth Amendment. *See Kervin*, 787 F.3d at 837 (holding that the district court properly dismissed a Fourteenth Amendment claim because the plaintiff "was placed in segregation for at most 30 days and, more importantly, does not allege that he suffered any significant psychological or other injury from it").

For the foregoing reasons, as well as those set forth in the Court's screening entry dated June 12, 2017, this action must be **dismissed**. **Final judgment consistent with this Entry shall issue.**

**IT IS SO ORDERED.**

Date: 7/10/2017

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution Attached

Distribution:

ANTOINE McSWAIN
945860
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only